# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GUADALUPE GONZALEZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NOS. 12-CV-3090-H<br>       10-CR-3504-H<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255** |

On December 26, 2012, Carlos Guadalupe Gonzalez ("Petitioner"), proceeding *pro se*, filed a petition to vacate, set aside, or correct his sentence ("Petition") pursuant to 28 U.S.C. § 2255. (Doc. No. 41.)[1] Petitioner seeks habeas relief on the grounds that his indictment charging him with violating 18 U.S.C. § 841 (a)(1) is unconstitutional. (Doc. Nos. 41 at 1-3, 26.) But Petitioner pled guilty to a violation of 18 U.S.C. § 545 pursuant to a written plea agreement, and the Court dismissed the indictment charging him with the violation of 21 U.S.C. § 841(a)(1). (Doc. No. 26.) On May 15, 2013, the government filed a response in opposition. (Doc. No. 46.) For the reasons set forth below, the Court denies the petition.

---

[1] Document numbers reference filings in 10-CR-3504-H.

## BACKGROUND

On September 1, 2010, a federal grand jury returned an indictment charging Petitioner with one count of possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of unlawful importation of a controlled substance, in violation of 21 U.S.C. §§ 952 and 960. (Doc. No. 9 at 1-2.) On August 19, 2010, Petitioner entered the United States from Mexico at the Otay Mesa, California Port of Entry as the sole occupant of a 2001 Chevrolet Malibu. (Doc. No. 46 at 2.) As the inspector examined the vehicle, he noticed that there were very little personal effects within. (Id.) The inspector removed the rocker panel of the vehicle and found packages wrapped in black tape. (Id.) An agent took custody of the vehicle and utilized a narcotic detector dog which alerted leading to the discovery of 7.34 kilograms of methamphetamine within Petitioner's vehicle. (Doc. No. 9 at 2.)

On January 18, 2011, the government filed a superseding information charging Petitioner with one count of a violation of 18 U.S.C. § 545, importation contrary to law. (Doc. No. 21.) On January 18, 2011, Petitioner pled guilty to the violation of 18 U.S.C. § 545 in the superceding information pursuant to a written plea agreement. (Doc. No. 26.) In return for the government's concessions in the plea agreement, Petitioner waived his right to appeal or collaterally attack his conviction. (Id. at 8-9.)

At sentencing, Petitioner requested an eighteen month sentence. (Doc. No. 32 at 1.) The government requested a forty-eight month sentence. (Doc. No. 28 at 2.) After considering the advisory guidelines and the sentencing factors set forth in 18 U.S.C. §3553(a)(1), the Court sentenced Petitioner on May 9, 2011 to thirty-seven months imprisonment for a violation of 18 U.S.C. § 545. (Doc. No. 34 at 1-2.) In addition, the Court granted the government's motion to dismiss the indictment including the violation of 21 U.S.C. § 841(a)(1). (Doc. No. 33.)

On December 6, 2012, Petitioner filed a notice of appeal. (Doc. No. 36.) On December 14, 2012, the Ninth Circuit ordered Petitioner to file a motion for voluntary

1 dismissal of the appeal or show cause in writing why it should not be dismissed for lack of a timely notice of appeal. (Doc. No. 39.) On January 22, 2013, the Ninth Circuit granted Petitioner's motion for voluntary dismissal of his appeal. (Doc. No. 42.)

On December 26, 2012, Petitioner filed his petition for habeas corpus. (Doc. No. 41.) Petitioner argues that the Court should dismiss the indictment for Possession of a Controlled Substance with the Intent to Distribute, in violation of section 841(a)(1)[2], because section 841(a) fails to provide proper notice of potential punishment in violation of the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). (Doc. No. 41 at 1.) On May 15, 2013, the government filed its opposition, arguing that the petition should be denied because it lacks merit, is time-barred, and Petitioner waived his right to collateral attack in his plea agreement. (Doc. No. 46 at 2.)

**DISCUSSION**

**I.    Legal Standard for Petitions Under 28 U.S.C. § 2255**

Petitioner challenges his conviction and sentence pursuant to 28 U.S.C. § 2255. Section 2255 authorizes the Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

///

///

---

[2] The Court dismissed the indictment on May 9, 2011. (Doc. No. 34 at 1.)

## II. Petitioner's Request for Dismissal of Indictment Under Section 841(a)

On January 18, 2011, the government filed a superceding information charging Petitioner with violating 18 U.S.C. § 545. (Doc. No. 21.) On May 9, 2011, this Court dismissed the indictment charging Petitioner with violating 21 U.S.C. § 841(a)(1) on the government's motion. (Doc. No. 34 at 1.) Therefore, Petitioner's request to dismiss the indictment is moot.[3]

## III. Waiver of Right to Appeal or Collaterally Attack Sentence

A defendant may waive the statutory right to bring a § 2255 motion challenging the conviction or sentence. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Courts will enforce a defendant's waiver of the right to appeal if: (1) "the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal," and (2) "the waiver is knowingly and voluntarily made." United States v. Martinez, 143 F.3d 1266, 1270-71 (9th Cir. 1998). The waiver must also expressly state that it waives the right to collaterally attack the conviction or sentence. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000).

Plaintiff waived his right to file a section 2255 motion challenging his sentence as part of his plea agreement. (Doc. No. 26 at 8-9.) Petitioner's plea agreement states in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant also waives, to the full extend of the law, any right to appeal or to collaterally attack his sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

(Id.) The agreement explicitly waives the right to collaterally attack the sentence. (Id.) The Court did not impose a sentence greater than the high end of the guideline range

---

[3]The Court need not reach the parties' statute of limitations arguments because the claim fails on the merits.

recommended by the government. (Doc. Nos. 28 at 2, 34 at 2-4.) Rather, the Court imposed a sentence below both the Guideline range and the sentence recommended by the government. (Id.) Therefore, the Court concludes that the record demonstrates that the plea agreement expressly encompasses the Petitioner's section 2255 claim.

Furthermore, after reviewing the record, there is no evidence that the plea was involuntary or unknowing.[4] The Petitioner certified that he read the agreement, or that it was read to him in his native language, discussed its terms with his counsel, and fully understood its meaning and effect. (Doc. No. 26 at 11.) The Court also verified the Petitioner voluntarily and knowingly entered into the plea agreement with a Rule 11 colloquy. (Doc. No. 23.) The record demonstrates that the plea was voluntary and knowing. Accordingly, the Court also denies Petitioner's motion based on his plea agreement waiver.

## IV. Certificate of Appealability

Under Federal Rule of Appellate Procedure 22(b), there is no appeal from a final order in a proceeding under section 2255 unless a "circuit judge or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." A "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has failed to make such a showing. Accordingly the Court denies Petitioner a certificate of appealability.

///

///

///

---

[4] Petitioner was represented by an experienced criminal defense attorney. Petitioner does not claim, nor is there any evidence of, ineffective assistance of counsel. Petitioner independently verified he was satisfied with counsel's representation. (Doc. No. 26 at 12.)

## CONCLUSION

After due consideration of the petition and the law, the Court concludes that Petitioner's petition to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 fails. Accordingly, the Court denies the petition and denies Petitioner a certificate of appealability.

**IT IS SO ORDERED**.

DATED: July 10, 2013

*/s/ Marilyn L. Huff*

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT